UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION | Civil Action No. 04-352 (DSC)<br><br>Document Filed Electronically |

### STIPULATION FOR DISMISSAL, WITH PREJUDICE, OF CLAIMS UNDER SECTIONS 34(b), 36(a) AND 48(a) OF THE ICA AND SECTIONS 206 AND 215 OF THE IAA AND FURTHER STIPULATION AS TO THE PROPER FORM AND SCOPE OF CLAIMS UNDER SECTION 36(b) OF THE ICA AND WITHDRAWAL OF CURRENT MOTION TO DISMISS

WHEREAS, on January 17, 2006, Plaintiffs filed their Consolidated Amended Class Action Complaint ("Amended Complaint") asserting claims under Sections 36(a), 36(b) and 48(a) of the Investment Company Act of 1940 ("ICA"), along with state common law claims against Federated Investors, Inc. and certain of its affiliates ("the Federated Defendants");

AND WHEREAS, on March 3, 2006, the Federated Defendants filed a motion to dismiss Plaintiffs' Amended Complaint;

AND WHEREAS, on April 28, 2006, Plaintiffs filed their opposition to the Defendants' motion to dismiss the Amended Complaint;

AND WHEREAS, on May 8, 2006, Plaintiffs voluntarily dismissed their claims against the individual Directors/Trustees and all of their state common law claims against all Defendants;

AND WHEREAS, on May 30, 2006, the Federated Defendants filed their reply memorandum in support of their motion to dismiss the Amended Complaint;

AND WHEREAS, Plaintiffs previously asserted claims under Section 34(b) of the ICA and Sections 206 and 215 of the Investment Advisers Act of 1940 ("IAA") yet elected not to assert such claims in their Amended Complaint;

AND WHEREAS, Plaintiffs' only remaining claims are brought pursuant to Sections 36(a), 36(b) and 48(a) of the ICA;

NOW THEREFORE, the parties in the above-captioned action hereby agree and stipulate pursuant to Fed. R. Civ. P. 41(a)(1)(ii) that: 1) Plaintiffs' previously asserted Section 34(b) ICA claim and Section 206/215 IAA claim shall be dismissed with prejudice as to all Defendants; 2) Plaintiffs' Section 36(a) claim shall be dismissed with prejudice as to all Defendants; 3) Plaintiffs' Section 48(a) claim shall be dismissed with prejudice as to all Defendants; 4) any claim based upon Section 36(b) in this case will be brought in a derivative, not direct, capacity and will only be brought and maintained on behalf of a mutual fund in which the named Plaintiffs hold shares; 5) for purposes of Section 36(b)(3), the parties agree that the statutory damages periods for claims under Section 36(b) shall commence, for each fund as to which such a claim is brought, one year prior to the filing of the initial complaint as to that fund in this litigation by a Plaintiff who (i) owned shares in such fund from the time of the filing of such complaint by that Plaintiff on behalf of that fund and (ii) has continuously owned such shares throughout this litigation; otherwise, this amendment shall be without prejudice to the right of any party's position with regard to the statutory damages period applicable to Plaintiffs' claims under Section 36(b); 6) Defendants will withdraw their current motion to dismiss the Amended Complaint; 7) on or before October 12, 2006, Plaintiffs shall file their Consolidated Amended Derivative Complaint ("Amended Derivative Complaint") confined to the same factual allegations as in the Amended Complaint and a derivative claim under Section 36(b) of the ICA

on behalf of funds in which the current named Plaintiffs presently own shares; and 8) after having a chance to review a draft and confirming that the Amended Derivative Complaint is so confined, and is therefore limited to a restatement of the claims in the Amended Complaint as derivative claims, Defendants shall serve an answer to the Consolidated Amended Derivative Complaint on or before November 13, 2006 and shall not move to dismiss any part of that Complaint.

Dated: September 22, 2006                    Respectfully Submitted,

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

By: s/Janine L. Pollack
 Jerome M. Congress
 Janine L. Pollack
 One Pennsylvania Plaza
 New York, NY 10119
 Telephone: (212) 594-5300

 *Lead Counsel for Plaintiffs*

**BROWER PIVEN, A PROFESSIONAL CORPORATION**
 Charles J. Piven
 Marshall N. Perkins
 The World Trade Center – Baltimore
 Suite 2525
 4101 East Pratt Street
 Baltimore, Maryland 21202
 Telephone: (410) 332-0030

**SCHIFFRIN & BARROWAY, LLP**
 Richard A. Maniskas
 280 King of Prussia Road
 Radnor, Pennsylvania 19087
 Telephone: (610) 667-7706

 *Counsel for Plaintiffs*

**LAW OFFICE OF ALFRED G. YATES JR., PC**
 Alfred G. Yates, Jr. (PA ID #17419)
 Gerald L. Rutledge (PA ID #62027)
 429 Forbes Avenue
 519 Allegheny Building
 Pittsburgh, Pennsylvania 15219
 Telephone: (412) 391-5164
 yateslaw@aol.com

 *Liaison Counsel for Plaintiffs*

REED SMITH LLP

By:   s/ Perry A. Napolitano
    Thomas L. Allen, PA 33243
    Perry A. Napolitano, PA 56789
    Joseph E. Culleiton, PA 82823
    James L. Rockney, PA 200026
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone: (412) 288-3131
    Facsimile: (412) 288-3063
    tallen@reedsmith.com
    pnapolitano@reedsmith.com
    jculleiton@reedsmith.com
    jrockney@reedsmith.com

*Attorneys for Defendants Federated Investors, Inc., Federated Investment Management Company, Federated Global Investment Management Corp., Federated Equity Management Company of Pennsylvania, Federated Securities Corp., and Federated Shareholder Services Company*

DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP

By:   s/ Eric A. Bensky
    Robert J. Higgins
    Eric A. Bensky
    1825 Eye Street NW
    Washington, D.C. 20006-5403
    T: (202) 420-2200
    F: (202) 420-2201

*Attorneys for the Nominal Defendants other than American Skandia Advisor Funds, Inc. – Federated High Yield Bond Fund.*

IT IS SO ORDERED

September 26, 2006

_____
Hon. David Stewart Cercone
United States District Judge