# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION | ) ) ) ) | Consolidated No. 2:04-cv-352-DSC |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

REED SMITH LLP
  Thomas L. Allen, PA 33243
  Perry A. Napolitano, PA 56789
  Joseph E. Culleiton, PA 82823
  James L. Rockney, Jr., PA 200026
225 Fifth Avenue, Suite 1200
Pittsburgh, Pennsylvania  15222
(412) 288-3131

MILBANK, TWEED, HADLEY & McCLOY LLP
  James N. Benedict, *Pro Hac Vice*
  Sean M. Murphy, *Pro Hac Vice*
  James G. Cavoli, *Pro Hac Vice*
  C. Neil Gray, *Pro Hac Vice*
  Andrew W. Robertson
  Michael B. Weiner
One Chase Manhattan Plaza
New York, New York  10005
(212) 530-5000

*Attorneys for Defendants*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT TO THE
EXTENT PLAINTIFFS SEEK TO RECOVER DAMAGES FOR ANY PERIOD
OTHER THAN JUNE 25, 2003 TO JANUARY 17, 2006, AND JUNE 11, 2007
TO JUNE 11, 2008. ....................................................................................................... 3

A.  The Relevant Damages Period Is a Legal Question and Should Be Decided
by Summary Judgment. ........................................................................................ 3

B.  Plaintiffs' Claim Is Limited to Damages Incurred from June 25, 2003 to
January 17, 2006, and from June 11, 2007 to June 11, 2008. ................................ 4

1.  Section 36(b)(3) Limits Any Recovery to a One-Year
Damages Period. ................................................................................... 4

2.  The Damages Period for Plaintiffs' Claim Is June 25, 2003 to
January 17, 2006, and June 11, 2007 to June 11, 2008. ........................ 7

C.  Plaintiffs' Attempt to Recover Damages Through Trial Must Be Rejected. .......... 8

1.  Expanding the One-Year Damages Period Would Be
Inconsistent with the Statute and Congressional Intent. ........................ 9

2.  Contrary Decisions from Other Jurisdictions Are Wrongly
Decided and Should Not Be Followed. ................................................ 13

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Berry v. First Nat'l Bank of Mercer Cty.,
   892 F. Supp. 127 (W.D. Pa. 1994)........................................................................3

Boyce v. AIM Mgmt. Group, Inc.,
   No. H-04-2587, 2007 U.S. Dist. LEXIS 99251 (S.D. Tex. Sept. 17, 2007)............................8

Brever v. Federated Equity Mgmt. Corp. of Penn.,
   233 F.R.D. 429 (W.D. Pa. 2005) ................................................................... passim

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986)......................................................................................3

Daily Income Fund v. Fox,
   464 U.S. 523 (1984)..................................................................................5, 14

Diamond v. FBI,
   487 F. Supp. 774 (S.D.N.Y. 1979)....................................................................15

DiBiase v. SmithKline Beecham Corp.,
   48 F.3d 719 (3d Cir. 1995)..............................................................................3

Dumond v. Mass. Fin. Servs. Co.,
   No. 04-11458, 2007 U.S. Dist. LEXIS 12304 (D. Mass. Feb. 22, 2007) ................................13

Forsythe v. Sun Life Fin., Inc.,
   475 F. Supp. 2d 122 (D. Mass. 2007) ................................................................13

Fox v. Reich & Tang, Inc.,
   692 F.2d 250 (2d Cir. 1982)..........................................................................5, 15

Gallus v. Ameriprise Fin., Inc.,
   561 F.3d 816 (8th Cir. 2009), vacated on other grounds by
   2010 WL 1265857 (U.S. Apr. 5, 2010) ..............................................................16, 17

Gartenberg v. Merrill Lynch Asset Mgmt., Inc.,
   528 F. Supp. 1038 (S.D.N.Y. 1981)....................................................................5

Green v. Nuveen Advisory Corp.,
   295 F.3d 738 (7th Cir. 2002) ...........................................................................5

Grossman v. Johnson,
   674 F.2d 115 (1st Cir. 1982), aff'g 89 F.R.D. 656 (D. Mass. 1981)........................................5

*Guffey v. Logan*,
   563 F. Supp. 951 (E.D. Pa. 1983) ........................................................................4

*Hemby-Grubb v. Indiana Univ. of Penn.*,
   No. 2:06-cv-1307, 2008 WL 4372937 (W.D. Pa. Sept. 22, 2008) ............................................4

*Hunt v. Invesco Funds Group*,
   No. H-04-2555, 2006 U.S. Dist. LEXIS 42064 (S.D. Tex. June 22, 2006)...........................16

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*,
   No. 04-cv-4885, 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006) ......................5, 13, 15

*In re Franklin Mut. Funds Fee Litig.*,
   478 F. Supp. 2d 677 (D.N.J. 2007) ............................................................... passim

*In re Scudder Mut. Funds Fee Litig.*,
   No. 04-cv-1921, 2007 U.S. Dist. LEXIS 59643 (S.D.N.Y. Aug. 14, 2007)...........................13

*Jones v. Harris Assocs. L.P.*,
   130 S. Ct. 1418 (2010) ........................................................................11

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
   970 F.2d 1030 (2d Cir. 1992).....................................................................5, 6

*King v. Douglas*,
   973 F. Supp. 707 (S.D. Tex. 1996) ......................................................................5

*Krinsk v. Fund Asset Mgmt., Inc.*,
   No. 85 Civ. 8428, 1986 U.S. Dist. LEXIS 25691 (S.D.N.Y. May 9, 1986)...............5, 6, 7, 10

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*,
   414 U.S. 453 (1974)........................................................................15

*Pokol v. E.I. du Pont de Nemours & Co.*,
   963 F. Supp. 1361 (D.N.J. 1997) ......................................................................3

*Tarlov v. Paine Webber Cashfund, Inc.*,
   559 F. Supp. 429 (D. Conn. 1983).....................................................................16

*Transamerica Mortgage Advisors, Inc. v. Lewis*,
   444 U.S. 11 (1979)........................................................................15

*United States v. Reader's Digest Ass'n*,
   662 F.2d 955 (3d Cir. 1981)........................................................................3

*Vaughn v. Putnam Inv. Mgmt., LLC*,
   No. 04-cv-10988, 2007 U.S. Dist. LEXIS 12303 (D. Mass. Feb. 22, 2007) .........13, 14, 15, 17

*Williams v. Borough of West Chester*,
   891 F.2d 458 (3d Cir. 1989)............................................................................3

*Woodward v. FedEx Freight East, Inc.*,
   250 F.R.D. 178 (M.D. Pa. 2008).................................................................17


## STATUTES

15 U.S.C. § 80a-15(c) ....................................................................................6

15 U.S.C. § 80a-22(c) ....................................................................................7

15 U.S.C. § 80a-35(b)(3) .......................................................................1, 4, 12


## RULES

Fed. R. Civ. P. 11 ........................................................................................13

Fed. R. Civ. P. 56(c) ......................................................................................3


## OTHER AUTHORITIES

17 C.F.R. § 270.22c-1 .....................................................................................7

Mutual Fund Amendments:  Hearings on H.R. 11995,
   S. 2224, H.R. 13754, and H.R. 14737 (1969)..............................................5

Transcript of Oral Argument, *Jones v. Harris Assocs. L.P.*,
   No. 04-cv-8305 (N.D. Ill. Dec. 19, 2005).................................................12

## PRELIMINARY STATEMENT

Plaintiffs cannot carry their heavy burden of proving that the advisory fees paid by the Federated Kaufmann Fund (the "Fund") are so disproportionately large that they bear no reasonable relationship to the services provided by Federated and could not have been negotiated at arm's length, as required to prevail on their claim under Section 36(b) of the Investment Company Act of 1940 (the "1940 Act"). Thus, this Court ultimately will not reach the issue of damages in this action. Nevertheless, the damages provisions of the statute, embodied in Section 36(b)(3), present a threshold issue that should be decided by summary judgment because it affects the scope of Plaintiffs' claim and the evidence that will be presented at trial.

Section 36(b)(3) limits any recovery to damages incurred during a short, *one-year* period—specifically, the year immediately preceding the filing of an action under the statute. 15 U.S.C. § 80a-35(b)(3). Plaintiffs here filed five separate actions, each with its own one-year damages period, four of which partially (or totally) overlap. Combined, Plaintiffs' actions cover a damages period under Section 36(b)(3) of approximately three-and-a-half years (43 months).

But Plaintiffs contend their recovery is not limited to this three-and-a-half year period. Instead, they seek damages for a period of more than *seven* years (and counting). They purport to accomplish this *doubling* of their recovery period by claiming the right to recover damages not only during the one-year look-back period established by Section 36(b)(3), but also for any period subsequent to their respective actions *through trial and judgment*. Including alleged post-filing damages, Plaintiffs seek to recover more than $600 million, with the amount purportedly increasing every day.

Plaintiffs' effort to bring these expansive claims fails as a matter of law. Nothing in the statute authorizes recovery of post-filing damages, and permitting such recovery would violate

congressional intent to prohibit recovery for any period other than the statutorily defined one-year period.

Limiting damages to a single year reflects the 1940 Act's related requirement that a fund's advisory fee arrangement must be approved on an annual basis by the fund's board of trustees. Each annual approval presents a new and separate set of facts, and Section 36(b)(3)'s one-year damages limitation ensures that actions under the statute, and the question of liability, are appropriately focused on the merits of each particular advisory fee arrangement. By contrast, Plaintiffs' wholesale attack on all of the Fund's advisory fee arrangements during a more-than-seven-year period—which were the subject of eight separate approvals by the Fund's Independent Trustees—would undermine this goal by detracting from the Court's and the parties' ability to evaluate each arrangement on its own terms. Any trial involving eight separately approved fee arrangements necessarily would tend toward generalizations, rather than the specifics of each fee arrangement.

Moreover, as this Court and others have recognized, Congress imposed the statute's strict limitation on damages in order to avoid creating a vehicle for nuisance litigation against mutual fund investment advisers. Allowing Plaintiffs to seek recovery for a more-than-seven-year period by improperly tacking damages periods upon each other would create the financial incentive for exactly that type nuisance of litigation—with claimed damages here in excess of $600 million. Moreover, the essentially open-ended discovery process that recovery of damages through trial and judgment implies—in addition to being entirely impractical and unmanageable—would enable Plaintiffs to impose outsized litigation costs on mutual fund advisers.

Finally, applicable case law requires that Plaintiffs' effort to recover damages beyond the statutorily defined one-year period be rejected.  Mindful of clearly expressed legislative intent, courts, including this Court and others within the Third Circuit, have applied the limitations imposed by Section 36(b)(3) and rejected efforts to expand the damages period under the statute.  Although two courts from outside the Third Circuit have held that recovery could include post-filing damages, those decisions are contrary to the statute, fail to give effect to Congress's intent in enacting it, and should not be followed here.

## ARGUMENT

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT TO THE EXTENT PLAINTIFFS SEEK TO RECOVER DAMAGES FOR ANY PERIOD OTHER THAN JUNE 25, 2003 TO JANUARY 17, 2006, AND JUNE 11, 2007 TO JUNE 11, 2008.**

### A.    The Relevant Damages Period Is a Legal Question and Should Be Decided by Summary Judgment.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 459-60 (3d Cir. 1989).  "[A] court may grant summary judgment where the only issues to be resolved are *purely legal*."  *Berry v. First Nat'l Bank of Mercer Cty.*, 892 F. Supp. 127, 128 (W.D. Pa. 1994) (emphasis added) (citing *United States v. Reader's Digest Ass'n*, 662 F.2d 955, 960-61 (3d Cir. 1981)).  "When the resolution of issues depends wholly upon the interpretation of specific statutory language and the applicable law, summary judgment is appropriate."  *Pokol v. E.I. du Pont de Nemours & Co.*, 963 F. Supp. 1361, 1369 (D.N.J. 1997) (citing *DiBiase v. SmithKline Beecham Corp.*, 48 F.3d 719, 724 (3d Cir. 1995)).

The sole issue presented by this motion—the time period for which Plaintiffs may recover damages in the event they succeed in proving a claim under Section 36(b)—is ripe for

decision by summary judgment.  The Court does not need to resolve any disputed issues of fact to decide this motion.[1]  Rather, it must perform the *purely legal* task of interpreting Section 36(b)(3)'s limitation on damages based on the language of the statute and the congressional intent behind it.  *See Hemby-Grubb v. Indiana Univ. of Penn.*, No. 2:06-cv-1307, 2008 WL 4372937, at *7 (W.D. Pa. Sept. 22, 2008) (Cercone, J.) (granting summary judgment based on interpretation of federal statute and understanding of congressional intent); *Guffey v. Logan*, 563 F. Supp. 951, 953 (E.D. Pa. 1983) ("[S]ummary judgment is an appropriate procedure for resolving" "legal issues involving statutory interpretation and application of common law principles.").

Determination of the relevant damages period by summary judgment will affect the scope of evidence to be presented at trial and distill the relevant issues.  Thus, resolution of Defendants' motion will enable the Court and the parties to appropriately focus their preparations and presentations.[2]

## B.   Plaintiffs' Claim Is Limited to Damages Incurred from June 25, 2003 to January 17, 2006, and from June 11, 2007 to June 11, 2008.

### 1.   Section 36(b)(3) Limits Any Recovery to a One-Year Damages Period.

Section 36(b)(3) provides that "[n]o award of damages shall be recoverable for any period prior to *one year* before the action was instituted."  15 U.S.C. § 80a-35(b)(3) (emphasis

---

[1]   Defendants' LCvR 56.B.1 Concise Statement of Material Facts sets forth the very limited set of facts that may be pertinent to this Court's consideration of Defendants' motion.  All of those facts are established by the undisputed record in this action.

[2]   Importantly, as served on July 2, 2010, Defendants' Counter-Proposed Findings of Fact and other pre-trial filings do not address time periods subsequent to the filing of Plaintiffs' Consolidated Amended Complaint on June 11, 2008, because those periods are not relevant under Section 36(b)(3).  In the event the Court denies this motion and expands the relevant damages period to encompass periods subsequent to June 11, 2008, Defendants will be required to supplement their pre-trial filings, and revise their anticipated trial presentations, to include evidence relating to those additional periods.

added).  As shown in the below table, numerous courts, including this Court, have recognized

that Congress enacted Section 36(b)(3) to impose "a one year limitation on possible damages

running from the time plaintiff institutes a[n] action."  Mutual Fund Amendments:  Hearings on

H.R. 11995, S. 2224, H.R. 13754, and H.R. 14737, at 203 (1969).

| Case | Impact of Section 36(b)(3) |
|---|---|
| *Brever v. Federated Equity Mgmt. Corp. of Penn.*, 233 F.R.D. 429, 433 (W.D. Pa. 2005) (Cercone, J.) | "[A] shareholder's ability to police and challenge any such agreement through an award of damages is specifically limited to one year by operation of the statute." |
| *Daily Income Fund v. Fox*, 464 U.S. 523, 526 n.2 (1984) | "[R]ecovery is limited to actual damages for a period of one year prior to suit." |
| *Green v. Nuveen Advisory Corp.*, 295 F.3d 738, 743 (7th Cir. 2002) | "[D]amages are recoverable only for the one-year period before the filing of the action." |
| *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1038 (2d Cir. 1992) | "[P]laintiff may collect only those damages that have accrued in the prior year." |
| *Grossman v. Johnson*, 674 F.2d 115, 122 (1st Cir. 1982), *aff'g* 89 F.R.D. 656, 661 n.13 (D. Mass. 1981) | Statute imposes "short one-year limitation period on damages." |
| *Fox v. Reich & Tang, Inc.*, 692 F.2d 250, 261 (2d Cir. 1982) | "Section 36(b) expressly limits recovery to excessive fees paid up to one year prior to the commencement of suit." |
| *In re Franklin Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677, 686 (D.N.J. 2007) | "[T]he intent and purpose of the statute clearly limits recovery to one year." |
| *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04-cv-4885, 2006 U.S. Dist. LEXIS 939, at *7 (S.D.N.Y. Jan. 11, 2006) | "Congress sharply limited recovery under Section 36(b) to a one-year time period." |
| *King v. Douglas*, 973 F. Supp. 707, 710 n.4 (S.D. Tex. 1996) | "Recovery is limited to actual damages for a period of one year prior to suit." |
| *Krinsk v. Fund Asset Mgmt., Inc.*, No. 85 Civ. 8428, 1986 U.S. Dist. LEXIS 25691, at *11 (S.D.N.Y. May 9, 1986) | "Congress chose to limit recovery of damages by a shareholder to a short one-year period." |
| *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 528 F. Supp. 1038, 1040 n.1 (S.D.N.Y. 1981) | "The amount of compensation at issue in these suits is the amount [the adviser] has received during the year September 4, 1980 until September 4, 1981.  This limitation is derived from the limitary period on the award of damages set by Section 36(b)(3) of the Act." |

Congress imposed this limitation on the damages available under Section 36(b) in order to reduce the risk of nuisance litigation arising from the creation of a private right of action for excessive mutual fund advisory fees. *Brever*, 233 F.R.D. at 433 ("Congress sought to advance the *twin goals* of providing an appropriate check on potential conflicts of interest in setting fee arrangements and *limiting the potential for increased costs of litigation and the abusive use of lawsuits*.") (emphasis added); *In re Franklin*, 478 F. Supp. 2d at 686 (same). Specifically, by limiting the relevant period to a single year, Congress sought to avoid creating large damages awards that would encourage strike suits, as well as to limit the ability of plaintiffs to impose millions of dollars of litigation costs on defendant investment advisers through expansive discovery requests spanning multi-year periods. *Brever*, 233 F.R.D. at 433; *Krinsk*, 1986 U.S. Dist. LEXIS 25691, at *13 ("[A]ny expansion of the time period for which a plaintiff may recover necessarily increases the costs of defending a suit and thereby increases the likelihood of strike suits.").

Section 36(b)(3)'s one-year limitation on damages also is consistent with other provisions of the 1940 Act, which require mutual fund advisory agreements to be approved on an annual basis by the fund's board of trustees. *See* 15 U.S.C. § 80a-15(c). The Second Circuit explained that a one-year damages period is "fully adequate" in light of this annual approval requirement. *Kahn*, 970 F.2d at 1038. Moreover, as this Court previously recognized, each annual board approval is "separate and distinct" from prior and subsequent approvals. *Brever*, 233 F.R.D. at 435. The membership of the board, the process employed by the trustees in reviewing the fee arrangement, and the facts and circumstances they considered in approving the fee arrangement all may change from year to year. Accordingly, Congress intended each fee arrangement to be challenged on its own merits, not as part of a generic attack on all of the fee arrangements

approved by the board across a multi-year period.  *See id.* at 433 ("[A] shareholder is able to review *each fee arrangement* entered by a mutual fund and challenge the propriety of *that agreement*.") (emphasis added); *In re Franklin*, 478 F. Supp. 2d at 685 ("[T]he intent of § 36(b)(3) was to provide fund shareholders . . . a means for testing newly passed advisory and distribution contracts."); *Krinsk*, 1986 U.S. Dist. LEXIS 25691, at *11 ("Congress was not intending to create a broad remedy . . . but rather a mechanism whereby the current level of management fees would be policed.").

Further, there is no reason to allow for recovery of damages beyond one year.  If at the end of each subsequent year, the plaintiff believes that the fees paid during that year were disproportionate to the services rendered, he can file a new action with a new damages period. Alternatively, once a shareholder has filed an action under the statute, he can minimize any ongoing payment of the allegedly excessive advisory fees by exercising his statutory right to sell his shares back to the fund (subject to retaining at least one share to maintain standing to sue).[3] *See* 15 U.S.C. § 80a-22(c); 17 C.F.R. § 270.22c-1.

> **2.    The Damages Period for Plaintiffs' Claim Is June 25, 2003 to January 17, 2006, and June 11, 2007 to June 11, 2008.**

The named Plaintiffs filed four separate actions at various times between 2004 and 2006. As shown in the below table, the one-year damages periods for those four actions partially overlap, and the combined damages period is June 25, 2003 (one year prior to Plaintiff Reaves' action) through January 17, 2006 (the effective filing date of Plaintiff Abendroth's action).

---

[3]    Two of the named Plaintiffs in this action (Abendroth and Reaves) have exercised this right and redeemed the majority of their shares in the Fund.  (*See* Defs. LCvR 56.B.1 Statement ¶¶ 10-11.)

Plaintiffs then filed a Consolidated Amended Complaint on June 11, 2008.  Assuming

that complaint constitutes a separate action for purposes of Section 36(b)(3), the one-year

damages period for that action is June 11, 2007 through June 11, 2008.

Accordingly, pursuant to Section 36(b)(3), any recovery by Plaintiffs is limited to

damages incurred during the periods from June 25, 2003 through January 17, 2006, and from

June 11, 2007 through June 11, 2008.

| Plaintiff | Filing Date | Damages Period | Combined Damages Periods |
|-----------|-------------|----------------|--------------------------|
| Reaves (Defs. LCvR 56.B.1 Statement ¶ 5.) | June 25, 2004 | June 25, 2003 – June 25, 2004 | June 25, 2003 – January 17, 2006 |
| Monahan (*Id.* ¶ 6.) | February 24, 2005 (by court order) | February 24, 2004 – February 24, 2005 | |
| Zucker (*Id.* ¶ 8.) | September 8, 2005[4] | September 8, 2004 – September 8, 2005 | |
| Abendroth (*Id.* ¶ 7.) | January 17, 2006 | January 17, 2005 – January 17, 2006 | |
| Amended Compl. (*Id.* ¶ 9.) | June 11, 2008 | June 11, 2007 – June 11, 2008 | June 11, 2007 – June 11, 2008 |

## C.    Plaintiffs' Attempt to Recover Damages Through Trial Must Be Rejected.

Although Plaintiffs do not dispute that Section 36(b)(3) limits the damages they can

recover, they contest the scope of that limitation.  Rather than limiting damages to a one-year

---

[4]    Defendants do not concede that Plaintiff Zucker's 2005 complaint—which purported to assert a class action claim under Section 36(b), and which challenged only non-advisory fees that Plaintiffs now expressly exclude from their claim—constitutes an "action" for purposes of Section 36(b)(3)'s damages period.  *See In re Franklin*, 478 F. Supp. 2d at 684 ("Plaintiffs did not institute a § 36(b) action *on behalf of* any Fund until they filed their Derivative Complaint on March 10, 2006.  Until that date, Plaintiffs only filed a class action.") (emphasis in original); *Boyce v. AIM Mgmt. Group, Inc.*, No. H-04-2587, 2007 U.S. Dist. LEXIS 99251, at *18-*23 (S.D. Tex. Sept. 17, 2007).  However, even assuming that it does, the relevant period for this litigation would not change because the one-year damages period for Zucker's 2005 complaint completely overlaps with the damages periods for Monahan's and Abendroth's complaints.

period, Plaintiffs contend that Section 36(b)(3) imposes *only* a *backward-looking* limitation, precluding them from recovering damages for periods *earlier* than one-year before filing of an action, but permitting them to recover *post-filing* damages through the time of trial, right up to judgment. (*See* Consol. Am. Compl. ¶ 7 & n.1 ("Section 36(b)(3) permits ongoing damages to be proved through trial and entry of judgment on the claim.") (Dkt. No. 121); Pls. Pre-Trial Br. at 24 & n.10 (Dkt. No. 204).)

Plaintiffs' argument fails as a matter of law. Nothing in the statute authorizes recovery of damages subsequent to the filing of Plaintiffs' respective actions, and implying such a right would be inconsistent with congressional intent in enacting the statute, this Court's prior decision in *Brever*, 233 F.R.D at 433, and other case law within the Third Circuit.

### 1.    Expanding the One-Year Damages Period Would Be Inconsistent with the Statute and Congressional Intent.

Mindful of clear congressional intent to limit the damages recoverable under the statute, courts have strictly enforced Section 36(b)(3) and have refused to permit recovery of damages outside of the statutorily defined one-year period. Indeed, this Court rejected a previous attempt by Plaintiffs in this very action to expand the scope of their claims beyond the one-year damages period under Section 36(b)(3). *See Brever*, 233 F.R.D. at 433-35. And, adopting this Court's reasoning, Judge William Martini of the District of New Jersey rejected exactly the argument made by Plaintiffs here, holding that the statute precludes recovery of post-filing damages. *See In re Franklin*, 478 F. Supp. 2d at 685-86.

When former named Plaintiff Randall Brever redeemed all of his shares of the Fund, thereby divesting himself of standing to maintain an action under Section 36(b), this Court permitted a group of substitute plaintiffs, including Plaintiff Monahan, to join the action and pursue Section 36(b) claims. However, this Court rejected substitute plaintiffs' argument that

their claims should relate back to those originally asserted by Brever, explaining that allowing

for relation back would improperly expand the statute's one-year damages limitation in violation

of express congressional intent and the statutory scheme.  *Brever*, 233 F.R.D. at 433-34 ("The

statute contains no provision that suggests or implies that [substitute plaintiffs' request to toll the

limitations period] was contemplated by Congress or would be consistent with the statutory

approach it ultimately adopted."); *accord Krinsk*, 1986 U.S. Dist. LEXIS 25691, at *13 ("Any

judicial tolling of the substantive limitations period would . . . subvert Congressional purpose,

since any expansion of the time period for which a plaintiff may recover necessarily increases

the cost of defending a suit and thereby increases the likelihood of strike suits.").

     In *In re Franklin*, Judge Martini applied this Court's reasoning in *Brever* to exactly the

same issue presented by Defendants' motion.  Judge Martini held that Section 36(b)(3) limits any

recovery to damages incurred in a single, one-year period, and he rejected the plaintiffs'

argument that the statute permits recovery of post-filing damages because "[e]xtending the right

to recover damages beyond one year . . . would violate the text and intent of § 36(b)."  *In re

Franklin*, 478 F. Supp. 2d at 686.  In so holding, Judge Martini relied on the same expressions of

congressional intent to limit the damages available and to focus the statute on "newly passed

advisor and distribution contracts" that were the core of this Court's analysis in *Brever*.  *Id.* at

685-86.

     Likewise, permitting Plaintiffs to pursue post-filing damages here would violate the

purpose and intent of Section 36(b)(3).  The advisory fee arrangements in place during the more-

than-seven-year period Plaintiffs seek to put at issue were considered and approved by the

Fund's Independent Trustees on eight separate occasions, and each of those separate fee

approvals comes with its own set of facts and circumstances.  For example, there were changes

10

over time in the membership of the Fund's Board of Trustees.  (*See* Defs. LCvR 56.B.1

Statement ¶ 15.)  Moreover, Plaintiffs themselves argue that the types of information the

Independent Trustees considered (*see, e.g.*, Pls. Proposed Findings of Fact & Conclusions of

Law ¶¶ 182, 330, 343, 353 (Dkt. No. 203)) and the process they employed in considering the fee

arrangements (*see, e.g.*, *id.* ¶¶ 184, 293, 300) evolved over time.  Plaintiffs also highlight year-to-

year variations in facts and circumstances that may have influenced the Trustees' decisions each

year, and which may also be relevant to this Court's review of the Fund's advisory fees under

Section 36(b), such as the Fund's assets under management (*id.* ¶ 240), fees paid (*id.* ¶ 105),

profitability (*id.* ¶ 176), and services received (*id.* ¶¶ 128, 130).  Permitting Plaintiffs to pursue a

wholesale attack on these separately approved fee arrangements, notwithstanding the differing

facts and circumstances, would contravene Congress's intent that each annual fee arrangement

be considered on its own merits.[5]

Allowing for ongoing damages also would be inconsistent with Congress's express intent

that Section 36(b) not become a vehicle for nuisance litigation against mutual fund investment

advisers.  Plaintiffs seek to challenge at least seven years of advisory fees, and they claim

damages of more than $600 million (increasing daily).  The prospect of such an enormous award

of damages under Section 36(b) would create exactly the financial incentive for abusive

litigation that Congress sought to avoid.  Further, permitting recovery beyond the one-year

period would open the door for expansive discovery requests, covering multi-year periods, which

Plaintiffs could use to impose millions of dollars of litigation costs on investment advisers.

---

[5]    This is not to say that information relating to other time periods cannot be relevant to the
Court's or the Independent Trustees' assessment of whether a particular annual fee arrangement
complies with Section 36(b).  Rather, each fee arrangement must be evaluated in light of all the
relevant facts and circumstances, which could include trend data encompassing other periods
(such as the Fund's long-term performance record).  *See Jones v. Harris Assocs. L.P.*, 130 S. Ct.
1418, 1427 (2010).

Even more, permitting recovery of damages through judgment, as Plaintiffs ask this Court to do (*see* Consol. Am. Compl. ¶ 7 n.1 (Dkt. No. 121)), would create an essentially open-ended discovery period and lead to the absurd result that discovery would be ongoing during trial and beyond.  In order to recover damages for any period, Plaintiffs bear the burden of proving that the fees paid *during that period* were disproportionate to the services provided based on all the relevant facts and circumstances.  15 U.S.C. § 80a-35(b)(3) (requiring plaintiff to prove "actual damages resulting from the breach of fiduciary duty").  Hence, if Plaintiffs' right to recovery extends through judgment, their burden to prove that the fees paid were excessive, and the corresponding need for discovery, likewise would extend through judgment.  Defendants could be required to update their document production and other responses to discovery requests through judgment; Plaintiffs likely would seek additional or continued depositions regarding newly produced information; and expert reports and testimony might have to be updated to account for any new information.

This prospect of continuous discovery through trial and beyond defies logic and common sense, and cannot be what Congress intended in enacting Section 36(b).  The simple fact is there must be an endpoint for Plaintiffs' claim, and Section 36(b)(3) identifies that end point as the filing of an action under the statute.  *See* Transcript of Oral Argument, *Jones v. Harris Assocs. L.P.*, No. 04-cv-8305 (N.D. Ill. Dec. 19, 2005), at 2:15-18, 4:13-16 (denying plaintiffs' motion for "information that supported [their] claim for continuing damages – damages beyond the filing of this complaint" because "if the statute circumscribes damages and limits it, then any discovery beyond what the statute would afford would not be relevant") (App. Ex. L).

Finally, permitting ongoing damages would deprive Defendants of their procedural rights.  Although Plaintiffs could have pursued alleged damages incurred in later time periods by

filing new actions under the statute, they chose not to do so.  (*See* Consol. Am. Compl. ¶ 7 n.1 (Dkt. No. 121).)  As such, Plaintiffs never fulfilled their obligation to make good faith allegations that the Fund's fees during those later periods were disproportionate to the services provided by Federated.  *See* Fed. R. Civ. P. 11.  By the same token, Federated never had an opportunity to test the sufficiency of the allegations relating to fees paid during later time periods on a motion to dismiss.  *See In re Franklin*, 478 F. Supp. 2d at 686-88 (dismissing claim where plaintiffs failed to allege facts pertaining to the relevant one-year damages period); *In re AllianceBernstein*, 2006 U.S. Dist. LEXIS 939, at *6-*7 & n.3 (same); *In re Scudder Mut. Funds Fee Litig.*, No. 04-cv-1921, 2007 U.S. Dist. LEXIS 59643, at *52, 54-55 (S.D.N.Y. Aug. 14, 2007) (same).  Having failed to satisfy the procedural prerequisites to bringing an action with respect to subsequent periods, Plaintiffs should not be permitted to seek recovery during those periods.

### 2. Contrary Decisions from Other Jurisdictions Are Wrongly Decided and Should Not Be Followed.

As support for their contention that Section 36(b)(3) imposes only a backward-looking limitation on damages, Plaintiffs likely will rely on a decision by Judge George O'Toole of the District of Massachusetts.  *Vaughn v. Putnam Inv. Mgmt., LLC*, No. 04-cv-10988, 2007 U.S. Dist. LEXIS 12303 (D. Mass. Feb. 22, 2007).[6]  Judge O'Toole's decision should not be followed here because his holding directly conflicts with precedent within the Third Circuit on the same issue.  *See In re Franklin*, 478 F. Supp. 2d at 685-86.  Further, his reasoning is inconsistent with

---

[6]     Judge O'Toole issued substantively identical decisions on the same day in two other Section 36(b) actions.  *See Dumond v. Mass. Fin. Servs. Co.*, No. 04-11458, 2007 U.S. Dist. LEXIS 12304 (D. Mass. Feb. 22, 2007); *Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122 (D. Mass. 2007).

this Court's consideration of Section 36(b)(3) in *Brever*, 233 F.R.D at 433, as well as congressional intent in enacting the statute.

In interpreting Section 36(b)(3), Judge O'Toole improperly ignored the clear legislative intent that was central to this Court's consideration of the statute in *Brever*.  Addressing the issue in a single paragraph, Judge O'Toole cast aside evidence of congressional intent to limit damages to a short, one-year period as "weak."  *See Vaughn*, 2007 U.S. Dist. LEXIS 12303, at *8-*9.  Tellingly, however, he did not cite any legislative history supporting his contrary interpretation of the statute.  Indeed, Judge O'Toole's opinion does not include any evidence suggesting that Congress intended to impose only a backward-looking limitation or explain how such an interpretation would be consistent with the overall structure of the 1940 Act.

Instead, Judge O'Toole summarily concluded that consideration of congressional intent was not necessary because, in his view, the text of Section 36(b)(3) is "unambiguous" and can only be read to support an exclusively backward-looking limitation on damages.  *Id.*  Judge O'Toole's assessment is plainly incorrect.  Although not addressing the specific issue presented here, several courts—including the Supreme Court and the First, Second, and Seventh Circuits— have read the statutory language of Section 36(b)(3) to limit damages to a single year.  *See Daily Income Fund*, 464 U.S. at 526 n.2, and other cases cited in § B.1, *supra*.  At the very least, the fact that all of these courts have read the statute to impose a one-year limitation on damages renders untenable Judge O'Toole's position that the statute *unambiguously* supports *only* a backward-looking limitation.

Judge O'Toole disregarded the decisions of these other courts, contending that they make only "passing reference" to Section 36(b)(3)'s damages limitation and discuss it "simply [as] part of a summary recitation of other provisions of § 36(b), probably included in service of

completeness." *Vaughn*, 2007 U.S. Dist. LEXIS 12303, at *10.  Even if Judge O'Toole's characterization of these courts' decisions was accurate—and it is not[7]—he makes no attempt to explain why all of these courts would have described the impact of the statute in terms that, in his view, find no support in the statutory text.

Further, even if the statute was unambiguous, Judge O'Toole's refusal to consider and give effect to legislative intent would nevertheless be improper.  As the Supreme Court instructed in *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453 (1974), "even the most basic general principles of statutory construction must yield to clear contrary evidence of legislative intent." *Id.* at 458; *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979) (same).  While Judge O'Toole contends that "it is not a court's prerogative to 'improve' the statute Congress actually enacted in an effort to achieve more perfectly an objective Congress . . . failed adequately to express," *Vaughn*, 2007 U.S. Dist. LEXIS 12303, at *9, neither should a court refuse to give effect to Congress's clear intent merely because the court would have preferred more precise statutory phrasing.  *See Diamond v. FBI*, 487 F. Supp. 774, 777 (S.D.N.Y. 1979) (rejecting "literal construction" of statutory language because it "would frustrate the basic objective" of the statute) (internal quotations omitted).

Judge O'Toole's final contention—that damages should be *presumed* to be recoverable through trial—fails for the same reason.  *Vaughn*, 2007 U.S. Dist. LEXIS 12303, at *6.  As Judge O'Toole recognized, such a presumption holds, if at all, only where Congress has not limited the available damages.  *Id.* at *7.  But, here, Congress did seek to limit the available

---

[7]    In fact, in many of the cited cases, the courts considered Section 36(b)(3)'s limitation on damages as a material factor affecting their resolution of the issues before them. *See, e.g.*, *Fox*, 692 F.2d at 261-62 (refusing to require pre-suit demand for Section 36(b) claims, in part, because a demand requirement would be inconsistent with the one-year limitation on damages); *In re AllianceBernstein*, 2006 U.S. Dist. LEXIS 939, at *6-*7 & n.3 (holding that plaintiffs must allege facts pertaining to the one-year damages period to state a claim under Section 36(b)).

damages, as evidenced by the imposition of a special damages limitation in Section 36(b)(3) and express congressional intent in enacting the statute.  Again, Judge O'Toole's quibbling with statutory phrasing does not warrant applying a default rule where Congress clearly sought to impose special limitations on the damages available under the statute.[8]

Plaintiffs likely will also rely on the Eighth Circuit's decision in *Gallus v. Ameriprise Financial, Inc.*, 561 F.3d 816, 825 (8th Cir. 2009), *vacated on other grounds by* 2010 WL 1265857 (U.S. Apr. 5, 2010).  However, in holding that Section 36(b)(3) imposes only a backward-looking limitation on damages, the Eighth Circuit principally relied upon Judge O'Toole's reasoning, and this Court should decline to follow it for the reasons discussed above.

The Eighth Circuit also made two additional arguments, neither of which supports a finding that Congress intended Section 36(b)(3) to permit recovery of damages through trial.  First, the Eighth Circuit contended that recovery through trial is appropriate "where the plaintiffs have continued to suffer damage during the litigation."  *Id.*  But the Eighth Circuit did not need to imply an ongoing damages period into the statute to enable plaintiffs to recover any continuing damages from excessive fees.  A plaintiff always has the right to file a new action, covering a new one-year damages period, subject to the plaintiff's ability to make good faith

---

[8]     The cases relied upon by Judge O'Toole do not support his interpretation of Section 36(b)(3).  For instance, the court in *Hunt v. Invesco Funds Group*, No. H-04-2555, 2006 U.S. Dist. LEXIS 42064 (S.D. Tex. June 22, 2006), expressly declined to decide the issue:

> [T]he Court is *not* insinuating that damages necessarily are recoverable for the period following the filing of Plaintiffs' complaints in this case.  Rather, the Court wishes to clarify that *it did **not** intend to rule on this issue in its June 5 Order, **nor does it intend to do so at this time***.

*Id.* at *5 n.1 (emphasis added).  Moreover, while the court in *Tarlov v. Paine Webber Cashfund, Inc.*, 559 F. Supp. 429 (D. Conn. 1983), stated in conclusory fashion that damages could run "to the close of this action," *id.* at 433, it did not discuss or even cite ***any*** authority to support this holding or attempt to grapple with clear contrary expressions of congressional intent.

allegations of disproportionality that relate to the new damages period and are sufficient to withstand a motion to dismiss.[9]

Second, the Eighth Circuit suggested that permitting recovery of damages through trial would further the "interests of judicial economy." *Id.* As an initial matter, considerations of judicial economy do not justify disregard of express congressional intent. *See Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 190 (M.D. Pa. 2008) ("[W]here, as here, judicial economy, convenience, and fairness will be achieved only at the expense of an express congressional policy decision . . . , such considerations must yield to Congress's preference.").

In any event, the Eighth Circuit failed to explain how allowing for recovery of post-filing damages would promote judicial economy. To the contrary, the court recognized that each fee agreement must be assessed in light of its particular facts and circumstances, meaning there would be extensive discovery concerning each annual fee negotiation over a multi-year period and the court would be required to conduct a series of mini-trials with respect to each fee arrangement that was in place during the relevant period. *Gallus*, 561 F.3d at 825 ("[T]he annual recurrence of fee negotiation makes its less likely that the same conduct will cause damage over successive years."); *see also Vaughn*, 2007 U.S. Dist. LEXIS 12303, at *9 ("Changes from year to year in contract terms, the compensation actually paid, and perhaps even broader economic or market conditions, could mean that a defendant might be found to have violated a fiduciary duty in one year but not the next."). By contrast, strictly enforcing the damages period would promote judicial economy, and accord with congressional intent, by limiting the number of fee

---

[9] Furthermore, a Section 36(b) plaintiff can minimize any continuing damages by redeeming a majority of his shares in the fund, just as two of the four named Plaintiffs have done here.

arrangements at issue, defining the scope of discovery, and enabling the court and the parties to focus on the particulars of each annual fee arrangement.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment dismissing Plaintiffs' claim insofar as it relates to any period other than June 25, 2003 to January 17, 2006, and June 11, 2007 to June 11, 2008.

Dated: Pittsburgh, Pennsylvania
     July 28, 2010

Respectfully submitted,

REED SMITH LLP

By: _s/ Joseph E. Culleiton_____
    Thomas L. Allen, PA 33243
    Perry A. Napolitano, PA 56789
    Joseph E. Culleiton, PA 82823
    James L. Rockney, Jr., PA 200026
225 Fifth Avenue, Suite 1200
Pittsburgh, Pennsylvania  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

    and

MILBANK, TWEED, HADLEY & McCLOY LLP
    James N. Benedict, *Pro Hac Vice*
    Sean M. Murphy, *Pro Hac Vice*
    James G. Cavoli, *Pro Hac Vice*
    C. Neil Gray, *Pro Hac Vice*
    Andrew W. Robertson
    Michael B. Weiner
One Chase Manhattan Plaza
New York, New York  10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

*Attorneys for Federated Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph E. Culleiton, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2010.

<u>s/ Joseph E. Culleiton</u>