**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION | ) ) ) ) ) ) ) ) ) **2:04cv352** **Electronic Filing** |

### MEMORANDUM ORDER

AND NOW, this 8th day of March, 2011, upon due consideration of defendants' motion for partial summary judgment and the parties' submissions in conjunction therewith, IT IS ORDERED that [219] defendants' motion for partial summary judgment be, and the same hereby is, denied.

The plain meaning of the statute does not support the interpretation advanced by defendants. The statute provides in pertinent part:

> No award of damages shall be recoverable for any period **prior to one year before the action was instituted**. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty and shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

15 U.S.C. § 80a-35(b)(3) (emphasis added). Defendants interpret this provision to authorize the recovery of only those damages incurred within the one-year pre-filing period and to preclude recovery for any incurred after the filing of the complaint.

The "cardinal canon of statutory interpretation" is that "a court must begin with the statutory language" itself. In re Philadelphia Newspapers, LLC, 59 F.3d 298, 304 (3d Cir. 2010);

1

accord U.S. v. Knox, 32 F.3d 733, 744 (3d Cir. 1994) ("When interpreting a statute, the starting point is always the language of the statute itself."). The rule that a court must *first* determine "'whether the language at issue has a plain and unambiguous meaning'" is commonplace. Valansi v. Ashcroft, 278 F.3d 203, 209 (3d Cir. 2002) (quoting Marshak v. Treadwell, 240 F.3d 184, 192 (3d Cir. 2001)); see also U.S. v. Geiser, 527 F.3d 288, 294 (3d Cir. 2008) ("We determine whether Congress has unambiguously expressed [its] intent, by looking at the 'plain' and 'literal' language of the statute"). This determination requires a court to "presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992); accord Knox, 32 F.3d at 744 ("Courts [must] presume that Congress expressed its legislative intent through the ordinary meaning of the words it chose to use.").

If it is determined that the language of the statute is unambiguous, judicial inquiry ceases and the need to explore congressional intent and legislative history is obviated. Philadelphia Newspapers, 599 F.3d at 304 (If "the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete."); see also Price v. Del. State Police Fed. Credit Union, 370 F.3d 362, 368 (3d Cir. 2004) ("We are to begin with the text of a provision and, if its meaning is clear, end there."). In other words, consideration of congressional intent in the face of an unambiguous statute is improper. See Philadelphia Newspapers, 599 F.3d at 304 ("Where the statutory language is unambiguous, the court should not consider statutory purpose or legislative history."); see also Knox, 32 F.3d at 744 ("[I]f the statutory language is clear, it is not necessary to glean congressional intent from legislative history.").

In determining whether statutory language is unambiguous, courts must "read the statute

in its ordinary and natural sense." Harvard Secured Creditors Liquidation Trust v. I.R.S., 568 F.3d 444, 451 (3d Cir. 2009); see also Wilson v. U.S. Parole Com'n, 193 F.3d 195, 198 (Courts "must give the natural and customary meaning to the words" chosen by Congress) (citing Caminetti v. United States, 242 U.S. 470, 485 (1917)). Statutory language is ambiguous "only where the disputed language is 'reasonably susceptible of different interpretations.'" Philadelphia Newspapers, 599 F.3d at 304 (quoting Dobrek v. Phelan, 419 F.3d 259, 264 (3d Cir. 2005)). If the statutory language is clear and unambiguous, then a court's "sole function is to enforce it according to its terms." Wilson, 193 F.3d at 198; see also Lamie, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts - at least where the disposition required by the test is not absurd - is to enforce it according to its terms.").

Defendants' contention that § 36(b)(3) of the Investment Company Act ("ICA") precludes recovery for damages incurred after the filing of the complaint is unpersuasive. They assert that post-filing damages are barred because "nothing in the statute authorizes recovery of damages subsequent to the filing of [p]laintiffs' respective actions." Defendants' Brief in Support of Motion for Partial Summary Judgment (Doc. No. 219) at 14. The plain and unambiguous words of the statute cannot bear the weight defendants seek to place upon them and nothing in the statute expressly precludes the recovery of post-filing damages.

The statute states that "[n]o award of damages shall be recoverable for any period **prior to one year before the action was instituted**." 15 U.S.C. § 80a-35(b)(3). The plain meaning of § 36(b)(3) as read in its "ordinary and natural sense" indicates that the sole temporal limitation imposed is only on those damages that were incurred *prior to the filing of suit*. The referenced language in § 36(b)(3) is not "reasonably susceptible of different interpretations," and therefore

is not ambiguous. See Philadelphia Newspapers, 599 F.3d at 304. As such, judicial inquiry is complete.

Contrary to defendants' view, the statute's silence as to post-filing damages cannot be read to preclude their recovery. While the text of § 36(b)(3) unequivocally bars the recovery of any damages incurred prior to the one-year pre-filing window, the text does not explicitly or implicitly preclude the recovery of damages incurred after the filing of suit. Further, it would be improper to "read absent words" into § 36(b)(3). See Alston v. Countrywide Financial Corp., 85 F.3d 753, 760-62 (3d Cir. 2009) (finding that the district court erred in "read[ing] into the statute a requirement that it had just concluded the statute did not contain.").

The overwhelming majority of courts to consider the matter have reached the same conclusion.[1] Forsythe v. Sun Life Financial, Inc. involved the same disputed language and the defendants similarly argued that the provision did not authorize the recovery of damages incurred subsequent to the filing of suit. 475 F. Supp.2d 122, 124 (D. Mass 2007). In a well-reasoned opinion, the court rejected their arguments and aptly noted:

> The defendants focus on the words "period" and "one year" in the first sentence . . . and argue that the statute limits damages to a "one year" "period." They have to engage in some creative rearranging of the words to achieve that

---

[1] See e.g. Boyce v. AIM Management Group, Inc., 2007 WL 7177575 *6 (S.D. Tex. 2007) (recognizing that § 36(b)(3) imposes a "statutory 'look back' limitation on the recovery of damages"); see also Krasner V. Dreyfus Corp., 90 F.R.D. 665, 672 fn. 7 (S.D.N.Y. 1981) ("Under section 36(b)(3) of the Investment Company Act, the *recovery period begins no earlier than one year prior to the commencement of the suit*) (emphasis added); In re Dreyfus Mutual Funds Fee Litigation, 428 F.Supp.2d 342, 352 (W.D. Pa. 2005) ("This case was instituted on January 30, 2004. Therefore, [the] plaintiffs cannot recover any damages sustained prior to January 30, 2003."); Mintz v. Baron, 2009 WL 735140 *4 (S.D.N.Y. 2009) (rejecting the defendants' interpretation that § 36(b)(3) "preclude[d] the recovery of damages for a period of more than one year").

>meaning, however, because the statute plainly does not refer to a "one year period" (with one set of quotation marks, rather than two).  On its face, the statutory language does not provide what the defendants would like it to, and *their attempt to rewrite the statute actually emphasizes that fact*.  What § 36(b)(3) says is that damages may not be awarded for "any period" - of whatever duration - that is "prior to one year before the action was instituted."  *That is the only temporal limitation on damages that the statute imposes*.

475 F. Supp.2d at 124 (emphasis added).[2]  The Forsythe court's analysis equally is applicable here.

Moreover, the court in Gallus v. Ameriprise Financial, Inc. also refused to adopt the defendant's argument that "the filing date provides an ending point[] so that damages suffered after a plaintiff files suit are similarly unrecoverable."  561 F.3d 816, 825 (8th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2340 (U.S. 2010).  The Gallus court rejected the notion that the defendant's interpretation was "consistent with the structure of the ICA because investment advisory contracts must be approved annually." Id. at 825.  It reasoned that while "the annual recurrence of fee negotiation makes it less likely that the same conduct will cause damage over successive years," the plain language of the statute does not support the interpretation that § 36(b)(3) is limited to the recovery of damages only incurred within the one-year pre-filing window.  Id.  It explained that "a straightforward reading of the damage limitation yields only a retrospective limitation" and damages suffered after the filing of the complaint are recoverable "where the plaintiffs have continued to suffer damage during the litigation."  Id.  The court opined that "both the language of the statute and the interests of judicial economy suggest that

---

[2] Defendants' contention that Judge O'Toole's opinion in Forsythe should be rejected for its failure to consider congressional intent is wide of the mark.  As explained above, once it is determined that the language of the statute is unambiguous, judicial inquiry ceases and the need to explore congressional intent is obviated.

redress should be available in a single action."[3]  Id.

Finally, defendants' argument that interpreting the statute to allow for post-filing damages is contrary to congressional intent is misplaced because a court may only look behind a statute when the plain meaning produces "a result that is not just unwise but is clearly absurd." United States v. Terlingo, 327 F.3d 216, 221 (3d Cir. 2003).  Despite defendants' fervent argument to the contrary, the plain language of § 36(b)(3) does not produce a result that is "clearly absurd."

In short, defendants' urging of this court to go beyond the statute and construct a limitation that Congress did not impose is unpersuasive.  Consequently, we are not at liberty to read the limitation defendants seek into the statute and their motion for partial summary

---

[3] Judge Martini's opinion in In re Franklin is not to the contrary.  There, the assessment that the plaintiffs were not *ipso facto* entitled to recover for each new annual investment contract that was approved after the filing of suit was made in the context of entirely different circumstances.  It was an alternative holding.  The plaintiffs merely asserted the right to future damages before the actual approval of a subsequent contract and without explaining how each new contract would be susceptible to the same challenges raised in the Amended Derivative Complaint, which failed to state a claim under § 36(b) in any event. Neither the original Class Action Complaint nor the Amended Derivative Complaint advanced a set of circumstances that were actionable, repetitive and ongoing in duration.  See generally In re Franklin, 478 F. Supp.2d 677 (D. N.J. 2007).   In short, the assessment was not made in the face of a motion to amend to include a subsequent contract renewed under the same circumstances proceeding to trial or within a setting where each new contract presumptively was within the scope of the litigation because it was approved pursuant to the same challenged procedures and circumstances.

Here, where the parties effectively have treated each annual renewal as being within the scope of the litigation and defendants make no challenge to the inclusion of each passing contract based on notice or other due process grounds, the principles of convenience to the parties and judicial economy counsel against adding  unneeded formalistic steps to define the scope of the litigation.

judgment must be denied.

                                              s/ David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge

cc:     Counsel of Record

        Via: CM/ECF Electronic Filing