**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION | ) ) ) ) | Consolidated No. 2:04-cv-352-DSC<br>**Electronically Filed** |

### JOINT STIPULATION AND RULE 41(a)(1)(ii) VOLUNTARY DISMISSAL

Plaintiffs Gretchen W. Reaves, Nina Monahan, Mary Ann Abendroth, and Lawrence Zucker (collectively "Plaintiffs"), and Defendants Federated Investors, Inc., Federated Equity Management Company of Pennsylvania, Federated Investment Management Company, and Federated Global Investment Management Corporation (collectively, "Federated Defendants"), by and through their respective undersigned counsel, hereby give joint notice of the voluntary dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii):

1.   In 2003, the New York Attorney General (the "NYAG") and the United States Securities and Exchange Commission (the "SEC") and other state authorities began investigating numerous mutual fund companies, including Federated, regarding certain practices within the mutual fund industry.  The NYAG, through its public statements, indicated that it believed these practices existed because of the mutual fund industry's desire to generate increased fees, while allegedly diluting the return to certain investors.

2.   Thereafter, a series of lawsuits was filed alleging that Federated Defendants charged excessive fees to certain mutual funds, including Federated Kaufmann Fund (the "Fund").  These cases included:  (1) *Burres, et al., v. Federated Equity Management Company of Pennsylvania, M.D. Fla.,* filed in February 2004; (2) *In re Federated Mutual Fund Excessive Fee Litigation, W.D. Pa.,* filed in March 2004; (3) *Bauer v. Federated Equity Management Company*

of Pennsylvania, W.D. Pa., filed in May 2004; (4) *Fetzer v. Federated Investors, Inc., et al.*, W.D. Pa., filed in May 2004; (5) *Gretchen Reaves v. Federated Investors, Inc., et al.*, W.D. Pa., filed in June 2004; and (6) *Lawrence Zucker v. Federated Shareholder Services Co., et al.*, filed in September 2005.

3. The original lawsuits asserted several causes of action under a variety of state and federal laws with respect to numerous fees charged to mutual funds managed by Federated.

4. In 2008, Plaintiffs consolidated their separate cases into one Consolidated Amended Complaint ("CAC") as captioned above ("the Litigation").

5. The Litigation asserted a claim only on behalf of the Fund, alleging that the investment advisory fee charged by Federated Defendants to manage the Fund violated Section 36(b) of the Investment Company Act of 1940. This action challenged the investment advisory fees paid by the Fund from June 25, 2003 through the date of trial (the "alleged Damages Period").

6. While certain facts were not contested, Federated Defendants denied all allegations of wrongdoing, and have consistently asserted that they have acted at all times in a manner consistent with their fiduciary obligations under Section 36(b) of the Investment Company Act of 1940.

7. On November 17, 2005, Federated settled the NYAG's investigation pursuant to an Assurance of Discontinuance ("AOD"), whereby Federated agreed to reduce the management fees charged to certain mutual funds distributed to retail investors in the United States and to implement certain processes.

8. Plaintiffs actively prosecuted the Litigation over the last seven years. Plaintiffs have sought and obtained substantial discovery from Federated Defendants, including the

production of over 340,000 pages of documents.  Their counsel have reviewed the documents produced, and have deposed senior representatives of the Federated Defendants and independent trustees on the Fund's Board of Trustees.  Plaintiffs also retained expert witnesses, and received reports from and deposed Federated Defendants' retained expert witnesses.  Federated Defendants received reports from and deposed Plaintiffs' expert witnesses.  The parties engaged in substantial motions practice throughout the Litigation.  They also filed lengthy pre-trial briefs, proposed findings of fact and conclusions of law, and pre-trial statements.

9.  Federated Defendants assert that a substantial portion of the documents and information that they furnished to the Plaintiffs is highly confidential and proprietary business information that discloses, among other things, the unique and internal costs, expenses, and profits of Federated and confidential documents relating to the defense and settlement of the NYAG investigation.  Upon the filing of this Joint Stipulation and Rule 41(a)(1)(ii) Voluntary Dismissal, all documents previously designated by Federated Defendants to be confidential (and any and all copies thereof), will be destroyed or returned to Federated in accordance with the Stipulated Protective Order signed by the Court on March 23, 2007.

10.  Discovery has been completed and trial of this action was scheduled to have begun on April 12, 2011.  Plaintiffs and Federated Defendants have filed exhibit lists, designations and cross-designations of deposition testimony, and related objections.  They have also filed a list of the witnesses they intend to offer in support of their case-in-chief.  Plaintiffs were prepared to elicit testimony from the individual plaintiffs, as well as numerous current and former directors, officers and employees of Federated Defendants, the former Bureau Chief of the NYAG's Investment Protection Bureau during the time of the NYAG investigation, and Plaintiffs' retained experts.  Federated Defendants were prepared to elicit testimony from

numerous current and former directors, officers and employees, numerous independent trustees and their independent counsel, and Federated Defendants' retained experts.

11. Plaintiffs were prepared to introduce into evidence at trial documents, exhibits, and testimony which they believe would establish that, notwithstanding the AOD, Federated Defendants have continued to violate their fiduciary duties under Section 36(b) of the Investment Company Act of 1940 by charging an excessive investment advisory fee to the Fund during the alleged Damages Period.

12. Federated Defendants were prepared to introduce into evidence at trial documents, exhibits, and testimony which they believe would establish that Federated Defendants complied with their fiduciary duties under Section 36(b) of the Investment Company Act of 1940, and therefore did not charge an excessive investment advisory fee to the Fund.

13. After a complete review of the evidence, and with substantial assistance of the Court, the parties have concluded that there is substantial cost and substantial risk if the case were to proceed to trial and, accordingly, the parties have decided to end the Litigation pursuant to a Confidential Memorandum of Understanding.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND THE PARTIES HEREBY REQUEST that the Court approve the forgoing joint stipulation of material facts and order the dismissal of this Action with prejudice.

Dated: April 29, 2011

By: ____/s/ Joseph E. Culleiton_____
    Joseph E. Culleiton, One of Counsel for Federated Defendants

| REED SMITH LLP | MILBANK, TWEED, HADLEY & McCLOY LLP |
|---|---|
|   Thomas L. Allen, PA 33243 |   James N. Benedict, *Pro Hac Vice* |
|   Perry A. Napolitano, PA 56789 |   Sean M. Murphy, *Pro Hac Vice* |
|   Joseph E. Culleiton, PA 82823 |   James G. Cavoli, *Pro Hac Vice* |
|   James L. Rockney, Jr., PA 200026 |   C. Neil Gray, *Pro Hac Vice* |
| 225 Fifth Avenue, Suite 1200 | One Chase Manhattan Plaza |
| Pittsburgh, Pennsylvania 15222 | New York, New York 10005 |
| (412) 288-3131 | (212) 530-5000 |

*Counsel for Federated Defendants*

By: ____/s/ Guy M. Burns_____
    Guy M. Burns, One of Counsel for Plaintiffs

| | |
|---|---|
| Jeffrey C. Block, Esquire | Alfred G. Yates, Jr., Esquire |
| jblock@bermanesq.com | YatesLaw@aol.com |
| Leslie R. Stern, Esquire | Gerald L. Rutledge, Esquire |
| lstern@bermanesq.com | YatesLaw@aol.com |
| Berman, DeValerio, Pease, Tabacco, | Law Office of Alfred Yates, Jr., P.C. |
| Burt & Pucillo | 519 Allegheny Building |
| One Liberty Square | 429 Forbes Avenue |
| 8th Floor | Pittsburgh, PA 15219 |
| Boston, MA 02109 | *Attorneys for Plaintiffs John M. Spahn, IRA,* |
| *Attorneys for Plaintiff Lawrence Zucker* | *Susan Ciccone, Sam Taylor Solomon, Jr., Mary Cole, Mary Ann Abendroth, Sanford Max and Suzanne Fetzer* |

Janine L. Pollack, Esquire
jpollack@milberg.com
Jerry Congress, Esquire
jcongress@milberg.com
Anna C. Dover, Esquire
adover@milberg.com
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY  10119-0165
*Attorneys for Plaintiffs John M. Spahn, IRA, Susan Ciccone, Sam Taylor Solomon, Jr., Mary Cole, Mary Ann Abendroth, Sanford Max and Suzanne Fetzer*

Guy M. Burns, Esquire
guyb@jpfirm.com
Jonathan S. Coleman, Esquire
jonathanc@jpfirm.com
Johnson, Pope, Bokor
Ruppel & Burns, L.L.P.
403 East Madison Street, Suite 400
Tampa, FL  33602
*Attorneys for Plaintiff Nina Monahan*

Lynn Lincoln Sarko, Esquire
lsarko@kellerrohrback.com
Michael D. Woerner, Esquire
mwoerner@kellerrohrback.com
Gretchen F. Cappio, Esquire
gcappio@kellerrohrback.com
Tana Lin, Esquire
tlin@kellerrohrback.com
Laura Gerber, Esquire
lgerber@kellerrohrback.com
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
*Attorneys for Plaintiffs Gary M. Bauer, Walter Neit, Leonard Burres, Jules Cooper, James Monahan and Nina Monahan*

Charles J. Piven, Esquire
piven@browerpiven.com
Brower Piven, P.C.
1925 Old Valley Road
Stevenson, MD  21153
*Attorneys for Plaintiffs John M. Spahn, IRA, Susan Ciccone, Sam Taylor Solomon, Jr., Mary Cole, Mary Ann Abendroth, Sanford Max and Suzanne Fetzer*

Ellen M. Doyle, Esquire
edoyle@stemberfeinstein.com
Stember, Feinstein, Doyle & Payne, LLC
17th Floor Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
*Attorney for Plaintiffs Gary M. Bauer, Walter Neit, Leonard Burres, Jules Cooper, James Monahan and Nina Monahan*

Michael Brickman, Esquire
mbrickman@rpwb.com
James C. Bradley, Esquire
jbradley@rpwb.com
Nina H. Fields, Esquire
nfields@rpwb.com
Richardson, Patrick, Westbrook
& Brickman LLC
174 E. Bay Street
Charleston, SC  29401
*Attorneys for Plaintiffs Gary M. Bauer, Walter Neit, Leonard Burres, Jules Cooper, James Monahan and Nina Monahan*

Jerome A. Broadhurst, Esquire
jbroadhurst@appersoncrump.com
Charles Durham Reaves, Esquire
creaves44@comcast.net
Apperson Crump PLC
6070 Poplar Avenue
Sixth Floor
Memphis, TN  38119-3954
*Attorney for Plaintiff Gretchen W. Reaves*

Vincent Coppola, Esquire
vcoppola@pribanic.com
Pribanic & Pribanic
513 Court Place
Pittsburgh, PA  15219
*Attorney for Plaintiff Lawrence Zucker*

Eduard Korsinsky, Esquire
ek@zlk.com
Zimmerman Levi & Korsinsky, LLP
39 Broadway, Suite 1601
New York, NY  10006
*Attorney for Plaintiff Lawrence Zucker*